Richard W. Pierce Law Office, LLC
P.O. Box 503514 CK
Saipan MP 96950-3514
Tel: 670/235-3425; Fax: 670/235-3427

Tim Roberts, Esq.
Dooley Roberts & Fowler LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone: (671) 646-1222; Fax: (671) 646-1223

Attorneys for Defendant KAN PACIFIC SAIPAN, LTD. dba Mariana Resort and Spa

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| KOICHI TANIGUCHI,<br><br>        Plaintiff,<br><br>vs.<br><br>KAN PACIFIC SAIPAN, LTD. dba<br>Mariana Resort and Spa,<br><br>        Defendant. | CIVIL CASE NO. 08-00008<br><br>**DEFENDANT'S AMENDED REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |

Shortly after the July 22, 2008 filing of Defendant's "Memorandum in Reply to Plaintiff's 'Response' to Motion to Compel", Plaintiff served the "written response" required by FRCP 34, at 10:49 p.m. on Wednesday, July 23, 2008. This Amended Reply is necessary for the Court's full understanding of the current issues on the pending motion to compel.

The written response served by Plaintiff on July 23, 2008 is attached to this Sur-Reply as Exhibit 1, along with an accompanying facsimile. Defendant's Request for Production was served on April 22, 2008. Plaintiff's written response was due on May 22, 2008. The July 23, 2008

written response is therefore more than two months late. No objections to any of the document requests were lodged by May 22, 2008. No extension of time was requested and none was granted. In the July 23, 2008 written response, Plaintiff purports to lodge such objections for the first time. As shown below, however, Plaintiff waived his right to object to any of the document requests by failing to object on or before May 22, 2008, the day his written response was required to be served pursuant to FRCP 34. Moreover, as is further shown below, Plaintiff's responses are for the most part not responses at all.

For the convenience of the Court, Defendant's document requests and Plaintiff's responses to each are set forth in full below, with Plaintiff's responses reprinted in "bold face" type.

1. All records reflecting any payments received by you from any of the Kyowa Group of companies (Kyowa Lead Co., Ltd., Kyowa Tatemono Co., Ltd., and/or Eight Grape Corporation) prior to your alleged injury on November 6, 2006, including, but not limited to, cancelled checks, deposit slips, wire transfer receipts, and similar documents.

**Response:   I have only payroll stubs, which may be made available.**

This is not an acceptable response. If Plaintiff has his payroll stubs, as he says he does (see Plaintiff's responses to Request Nos. 9 and 10, below), he has to produce them. He cannot say they "may" be available for inspection and copying. It is also difficult to believe that the only documents Plaintiff has in his possession to establish an alleged annual salary of US $1,200,000.00 are "payroll stubs".

2. All records reflecting all payments received by you from any of the Kyowa Group of companies subsequent to your alleged injury on November 6, 2006, including, but not limited to, cancelled checks, deposit slips, wire transfer receipts, and similar documents.

2

**Response:** **I have only payroll stubs, which may be made available.**

See above.

3. Your Japanese tax returns for the years 2003, 2004, 2005, 2006 and 2007.

**Response:** **I did not work for a company in 2003, 2004, 2005, thus do not have such returns.**

At this time, Defendant does not know whether Japanese tax laws require the filing of a return whether there is income or not. Pending that information, the current problem with Plaintiff's response is that according to him, he <u>did</u> "work for a company" in 2006 and part of 2007, or at least that is what he claims in this lawsuit, namely the Kyowa Group, at a salary he claims was more than U.S. $1,200,000.00 per year.[1] Yet Plaintiff fails to mention his 2006 in his response to this document request. Plaintiff also fails to mention a 2007 tax return, which information would be useful on the issue of mitigation of damages, as well as the credibility of his claims on his alleged 2006 income. His response is therefore not adequate under FRCP 34.

4. A complete copy of all the pages of your passport in effect during the year 2006, 2007, and 2008.

**Response:** **Plaintiff objects to providing a copy of his passport since there is no apparent relationship between that document and the injuries suffered and consequent damage. The document does not appear to be such that would lead to other admissible evidence. If some**

---

[1] As discussed at the Case Management Conference, the Kyowa group is a real estate concern unrelated to Kyowa Shipping. Kyowa's President is Hisato Endo, who is currently charged in Saipan's Superior Court with several crimes. Apparently Mr. Endo's trial has been postponed several times. See, Saipan Tribune, August 24, 2007, http://www.saipantribune.com/newsstory.aspx?newsID=71688&cat=1. Mr. Endo purportedly signed the contracts at issue in this lawsuit on behalf of the Kyowa companies.

3

**reasonable relationship can be shown, the document will be produced. have no such correspondence (sic).**

Plaintiff waived his right to object to any document request on any ground by failing to timely respond one way or the other by May 22, 2008, which was 30 days after the Request for Production was served on April 22, 2008. No extension of time to respond was requested and none was granted. "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. Or. 1992). The "failure to object to interrogatories within the time fixed by Rule 33, FRCivP, constitutes a waiver of any objection. This is true even of an objection that the information sought is privileged." Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. Ariz. 1981). See also, City of Rialto v. United States DOD, 492 F. Supp. 2d 1193, 1201-1202 (C.D. Cal. 2007) ("Emhart's failure to timely assert the privilege waived its right to do so. ... As Emhart has never itself asserted the attorney-client privilege over the documents in question ... Emhart has waived its right to assert the privilege.").

The requested document is, in any event, designed to lead to the discovery of admissible evidence. Defendant believes the Kyowa contracts at issue in this lawsuit are fabricated. Defendant also believes that Plaintiff travels a great deal. If Plaintiff was not in Japan when each of the three contracts in question was allegedly executed by him, or when he was allegedly working under the contracts, this would be evidence that the contracts are not genuine.

5.   All written correspondence between you and any of the Kyowa group of companies generated during the years 2005, 2006, 2007 or 2008.

**Response:**   **I have no such correspondence.**

This is hard to believe, which leads to the conclusion that the Court should issue letters rogatory to Japan, which letters could compel responses from the Kyowa group of companies.

6. All written correspondence between you and Hisato Endo generated during the years 2005, 2006, 2007 or 2008.

**Response:** **I have no such correspondence.**

See above.

7. All documents evidencing any change in the business or other relationship between you and Hisato Endo in 2005, 2006, 2007 or 2008.

**Response:** **I have no such documents other than the contracts previously provided to the defendant.**

See above.

8. All documents evidencing any cancellation or termination of any agreement between you and any company caused by or related to the injuries you allegedly suffered on November 6, 2006.

**Response:** **The termination document has been previously provided to you.**

See above.

9. All contracts under which you earned any money in the years 2007 or 2008.

**Response:** **I have pay stubs from my monthly salary with Kyowa.**

Again, since Plaintiff says he has his pay stubs, he has to produce them.

10. All of your contracts and pay records with the Kyowa Group of Companies.

5

**Response:   I have pay stubs from my monthly salary at Kyowa. The contracts have previously been provided.**

See above.

11. All medical records and bills related to the injury you allegedly received on November 6, 2006.

Response:   **The medical reports from Dr. Arai have been submitted.**

This is an acceptable response. Defendant will object to the introduction at trial of any other medical records. If the records are in the custody of a medical provider, Plaintiff should have been able to produce them.

12. All records tending to prove that you were unable to honor your contract to play baseball for any of the Kyowa group of companies.

**Response:   I do not have in my possession such records, other than Dr. Ariai's reports. They are with the Kyowa companies and I no longer have any relationship with those companies.**

Again, this is hard to believe, which leads to the conclusion that the Court should issue letters rogatory to Japan, which letters could compel responses from the Kyowa group of companies

13. All documents tending to indicate that you were unable to participate in coaching, clinics and required public appearances as a result of your injuries.

Response:   **The documents which I had in my possession have been turned over to counsel for Kan Pacific. I did not accept any offers for the 2006 off season thus do not have documents covering this period.**

6

There is no mention of the year 2007 or 2008, except to state in response to Interrogatory 9 that he has pay stubs for the period.

14. All documents tending to establish that Kyowa Tatemono Co., Ltd. cancelled its baseball season in 2007 or 2008 because of your injuries, as well as all documents evidencing any monetary losses incurred by you as a result of that cancellation.

**Response:** **I have no such documents.**

This response appears to be contradictory to his response to Interrogatory 9 related to pay stubs for 2007 and 2008.

15. All documents tending to establish that you were unable to honor any contract with any of the Kyowa group of companies as a result of the injury you allegedly suffered on November 6, 2006.

**Response:** **I have no such documents.**

This response appears to be contradictory to his response to Interrogatory 9 related to pay stubs for 2007 and 2008.

16. All your banking records for 2006, 2007, and 2008, including but not limited to statements, debit and credit documents, and bankbooks.

**Response:** **Plaintiff objects to this request as being overly intrusive and not likely to lead to other admissible evidence. Plaintiff does state that his income consisted of his salary from Kyowa.**

Again, Plaintiff waived his right to object to any document request on any ground by failing to timely respond one way or the other by May 22, 2008, which was 30 days after the Request for

7

Production was served on April 22, 2008. Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. Or. 1992); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. Ariz. 1981); City of Rialto v. United States DOD, 492 F. Supp. 2d 1193, 1201-1202 (C.D. Cal. 2007).

In any event, the document request is calculated to lead to the discovery of admissible evidence, namely, actual evidence that Plaintiff was actually paid money by Kyowa and that he actually deposited that money in the bank. With a claimed annual salary of $1,200,000.00, Plaintiff more likely than not utilized a financial institution.

17. All documents referenced in your Initial Disclosure, dated March 14, 2008 that have not previously been produced to Defendant.

**Response:    So far as is known, no other documents exist.**

This does not appear to be accurate: In Plaintiff's initial disclosure, plaintiffs listed the following:

e. Advertising materials for Kyowa Tatemono Corp., showing athletes employed by the company.

Plaintiff has not provided these documents to Defendant.

18. All documents in which you describe, in whole or in part, the injury you allegedly received on November 6, 2006.

**Response:    Plaintiff made statements to his attorney which are subject to an attorney/client privilege and the work/product doctrine.**

This may be harsh, but those privileges have been waived by Plaintiff's failure to object to the document request by May 22, 2008. See, City of Rialto v. United States DOD, 492 F. Supp. 2d 1193, 1201-1202 (C.D. Cal. 2007) ("Emhart's failure to timely assert the privilege waived its right

to do so. ... As Emhart has never itself asserted the attorney-client privilege over the documents in question ... Emhart has waived its right to assert the privilege.").

19. All documents in which you describe, in whole or in part, what occurred on November 6, 2006, that allegedly injured you.

**Response:**   **See response to request no. 18.**

See Defendant's comments with respect to Plaintiff's response to request no. 18.

RICHARD W. PIERCE LAW OFFICE, LLC

Dated: 7/28/08         By: *Richard Pierce*
                           **RICHARD PIERCE**

DOOLEY ROBERTS & FOWLER LLP

Dated: 7/15/08         By: *Tim*
                           **TIM ROBERTS**

Attorneys for Defendant Kan Pacific Saipan, Ltd., dba Mariana Resort and Spa.

9

07/23/2008 10:49 FAX                                                                                 ☒001

Law Office

*Douglas F. Cushnie*

P.O. Box 500949
Saipan MP 96950
Telephone: (670) 234-6830/6843
Facsimile: (670) 234-9723
E mail abogados@pticom.com

July 23, 2008

TO: Tim Roberts                                   FAX: (671)646-1223

FM: Doug Cushnie                                  FAX: (670) 234-9723

RE: Taniguchi v. Kan Pacific

After receiving your reply memo I checked to see whether the response to your request for production of documents had been sent on July 14, 2008, as I assumed it was. I could find no evidence that it was in fact sent. Accordingly, attached is the response. I regret the error and consequent delay.

Pg. 4 incl. cover

Douglas F. Cushnie
P.O. Box 500949
Saipan MP 96950
Telephone: (670) 595-2432
Facsimile: (670) 595-9723
E mail: abogados@pticom.com

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| KOICHI TANIGUCHI, ) | CIVIL ACTION NO. 08-0008 |
| ) | |
| Plaintiff, ) | |
| ) | PLAINTIFF'S |
| vs. ) | RESPONSE TO REQUEST FOR |
| ) | PRODUCTION OF DOCUMENTS |
| KAN PACIFIC SAIPAN, LTD., ) | |
| dba Marianas Resort and Spa, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Comes now Koichi Taniguchi, and files this his response to defendant's Request For Production of Documents.

1. I have only payroll stubs, which may be made available

2. I have only payroll stubs, which may be made available.

3. I did not work for a company in 2003, 2004, 2005, thus do not have such returns.

4. Plaintiff objects to providing a copy of his passport since there is no apparent relationship between that document and the injuries suffered and consequent damage. The document does not appear to be such that would lead to other admissible evidence. If some reasonable relationship can be shown, the document will be produced. have no such correspondence.

1

5. I have no such correspondence.

6. I have no such correspondence.

7. I have no documents other than the contracts previously provided to defendant.

8. The termination document has been previously provided to you.

9. I have pay stubs from my monthly salary with Kyowa.

10. I have pay stubs from my monthly salary with Kyowa. The contracts have been previously provided.

11. The medical reports and records from Dr. Airai have been submitted.

12. I do not have in my possession such records, other than Dr. Ariai's reports. They are with the Kyowa companies and I no longer have any relationship with those companies.

13. The documents which I had in my possession have been turned over to counsel for Kan Pacific. I did not accept any offers for the 2006 off season thus do not have documents covering this period.

14. I have no such documents.

15. I have no such documents.

16. Plaintiff objects to this request as being overly intrusive and not likely to lead to other admissible evidence. Plaintiff does state that his income consisted of his salary from Kyowa.

17. So far as is known, no other documents exist.

2

18. Plaintiff made statements to his attorney which are subject to an attorney/client privilege and the work product doctrine.

19. See response to request no. 18.

Dated this 14th day of July, 2008.

                                      DOUGLAS F. CUSHNIE
                                      Attorney for Plaintiff

                                           /s/
                                  DOUGLAS F. CUSHNIE  F 108