Law Office of Richard W. Pierce
2nd Floor Alexander Building
P.O. Box 503514 C.K.
Saipan, Northern Marianas Islands 96950
Telephone No. (670) 235-3425
Facsimile No. (670) 235-3427
Email: rwpierce@saipan.com

Dooley Roberts & Fowler LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone No. (671) 646-1222
Facsimile No. (671) 646-1223
Email: roberts@guamlawoffice.com

Attorneys for Defendant
Kan Pacific Saipan, Ltd.
dba Mariana Resort and Spa

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| KOICHI TANIGUCHI, | ) CIVIL CASE NO. 08-00008 |
| Plaintiff, | ) **NOTICE OF MOTION AND MOTION TO** |
| | ) **EXTEND DEFENDANT'S EXPERT** |
| vs. | ) **DISCLOSURE DEADLINE AND TO** |
| | ) **EXTEND CERTAIN DISCOVERY** |
| KAN PACIFIC SAIPAN, LTD. dba | ) **DEADLINES; SUPPORTING** |
| Mariana Resort and Spa, | ) **MEMORANDUM** |
| Defendant. | ) |

**NOTICE OF MOTION AND MOTION**

Please take notice that defendant Kan Pacific Saipan, Ltd. shall move, and by this notice of motion does hereby move, for an order extending the existing September 1, 2008 deadline for disclosing its expert witnesses, and extending the deadline by which fact discovery must be

completed.

As shown in the accompanying notice of motion and supporting memorandum, good cause exists for the requested extension. As explained in the following supporting memorandum, the requested extension has been caused by Plaintiffs failure to respond to Defendant's Request for Production. Unfortunately, the new requested deadline to disclose experts appears to be intertwined with the pending motion to compel, as further discussed below.

## SUPPORTING MEMORANDUM

Scheduling orders are not to be lightly altered once entered. But, the Court obviously has the power to extend the deadlines set forth in its scheduling orders, particularly where, as here, the requested extension does not involve any request to change the trial date. Scheduling orders can be modified upon a showing of good cause. Johnson v. Mammoth Recreations. Inc., 975 F.2d 604, 608 (9th Cir. 1992); Doe v. Haw. Dep't of Educ., 351 F. Supp. 2d 998, 1007 (D. Haw. 2004); Potomac Elec. Power Co. v Electric Motor Supply, Inc. (1999, DC Md), 190 FRD 372.

The Plaintiff in this action, Koichi Taniguchi, has inexplicably and inexcusably refused to supply his own attorney with documents responsive to Defendant's Request for Production of Documents. As a result of this, Defendant cannot effectively or fairly take Plaintiff's deposition. And as a result of this, Defendant cannot effectively or fairly retain an expert to evaluate Plaintiff's claims in this case.

Defendant has acted diligently at all times in this action. The Scheduling Conference was held on April 9, 2008, and the Court's Case Management Scheduling Order came out that same day. Defendant served its discovery on Defendant on April 22, 2008, making Plaintiffs responses due on

1.

May 22, 2008. Plaintiff failed to respond to or object to the discovery. After trying to work with Plaintiff's counsel, albeit unsuccessfully, Defendant's motion to compel was filed on July 7, 2008. The Court then scheduled the hearing on the motion to compel for Thursday, August 28, 2008, which is only four (4) days before the existing October 1, 2008 deadline for Defendant to disclose its experts.

Defendant proposes the following amended discovery schedule. First, Plaintiff has not opposed the entry of an order compelling the production of documents. Presumably, this means the motion will be granted by the Court. Defendant suggests the Court's order compelling the document production should require compliance within eleven (11) days, namely by Monday, September 8, 2008. This is more than fair to Plaintiff. Defendant first requested the documents described in the Request for Production more than a year before that Request for Production was served. The Request for Production was served on April 22, 2008, more than four (4) months ago. If Plaintiff was going to cooperate with his attorney, it would have happened already. Instead, it seems apparent, to Defendant at least, that Mr. Taniguchi is simply refusing to cooperate with his attorney and refusing to participate in the discovery process.

The Court's order compelling discovery should specifically state that Plaintiff must produce the <u>originals</u> of all requested documents for Defendant's inspection and photocopying at a time, date and place certain, as required by FRCP 34.

    A.    <u>If Plaintiff is Able to Fully and Timely Comply With the Court's Order Compelling Discovery.</u>

If Plaintiff is able to fully and timely comply with the Court's order compelling discovery

(which appears to be doubtful at this point), Defendant suggests that it be given three (3) weeks to arrange for the responsive documents to be translated, which would be Monday, September 29, 2008, and fourteen (14) days thereafter within which to take Plaintiff's deposition, which would Monday, October 13, 2008. Defendant suggests that it then be given three (3) weeks after that -- by Monday, November 3, 2008 -- within which to retain and disclose expert witnesses.[1] Finally, Defendant suggests that it make its experts available to be deposed by Plaintiff within two (2) weeks after that, or by Monday, November 17, 2008. Defendant also proposes that November 17, 2008 be the deadline by which it must take the depositions of any fact witnesses discovered during Plaintiff's deposition, although as a practical matter these witnesses will be in Japan and unavailable. Notably, November 17, 2008 this is only seventeen (17) days after the currently-scheduled October 31, 2008 deadline for the completion of expert depositions.

B.  **If Plaintiff Fails to Fully and Timely Comply With the Court's Order Compelling Discovery**

In the event Plaintiff fails to comply with the Court's Order compelling discovery, the Court should dismissed the case under the authority of FRCP 37(d) and 37(b)(2)(C), which would render this deadlines suggested in this memorandum moot. Defendant would be able to file a motion to dismiss the case for failure to comply with the Court's discovery order within two (2) days after any failure to meet any deadlines imposed by the Court.

---

[1] Plaintiff did not disclose any expert witnesses by his deadline of August 1, 2008, so it would not appear necessary to extend the October 1, 2008 deadline for Plaintiff to disclose rebuttal experts, or the existing October 15, 2008 deadline for Defendant to disclose its rebuttal experts.

3.

Date: 8/27/08

RICHARD W. PIERCE LAW OFFICE, LLC

By: _____
**RICHARD PIERCE**
Attorney for Defendant Kan Pacific Saipan,
Ltd. dba Mariana Resort and Spa


Date: 8/27/08

DOOLEY ROBERTS & FOWLER LLP

By: _____
**TIM ROBERTS, ESQ.**
Attorneys for Defendant Kan Pacific Saipan,
Ltd. dba Mariana Resort and Spa

4.