Law Office of Richard W. Pierce
2nd Floor Alexander Building
P.O. Box 503514 C.K.
Saipan, Northern Marianas Islands 96950
Telephone No. (670) 235-3425
Facsimile No. (670) 235-3427
Email: rwpierce@saipan.com

Dooley Roberts & Fowler LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone No. (671) 646-1222
Facsimile No. (671) 646-1223
Email: roberts@guamlawoffice.com

Attorneys for Defendant
Kan Pacific Saipan, Ltd.
dba Mariana Resort and Spa

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| KOICHI TANIGUCHI, | ) CIVIL CASE NO. 08-00008 |
| | ) |
| Plaintiff, | ) NOTICE OF MOTION AND AMENDED |
| | ) MOTION TO EXTEND DEFENDANT'S |
| vs. | ) EXPERT DISCLOSURE DEADLINE AND TO |
| | ) EXTEND CERTAIN OTHER DEADLINES; |
| KAN PACIFIC SAIPAN, LTD. dba | ) SUPPORTING MEMORANDUM |
| Mariana Resort and Spa, | ) |
| | ) |
| Defendant. | ) |
| | ) |

NOTICE OF MOTION AND MOTION

Please take notice that on _____, 2008, at the hour of_____, defendant Kan Pacific Saipan, Ltd. shall move, and by this notice of motion does hereby move, for an order extending the existing September 1, 2008 deadline for disclosing its expert witnesses, and extending other case management deadlines. As shown in this notice of motion and supporting

memorandum, good cause exists for the requested extension. As explained in the following supporting memorandum and the Motion to Compel, heard this date, the requested extension has been caused by Plaintiff's failure to respond to Defendant's Request for Production.

## SUPPORTING MEMORANDUM

Scheduling orders are not to be lightly altered once entered. But, the Court obviously has the power to extend the deadlines set forth in its scheduling orders, particularly where, as here, the requested extension does not involve any request to change the trial date. Scheduling orders can be modified upon a showing of good cause. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992); *Doe v. flaw. Dep't of Educ.*, 351 F. Supp. 2d 998, 1007 (D. Haw. 2004); *Potomac Elec. Power Co. v Electric Motor Supply, Inc.* (1999, DC Md), 190 FRD 372.

The Plaintiff in this action, Koichi Taniguchi, has inexplicably and inexcusably refused to supply documents responsive to Defendant's Request for Production of Documents. As a result of this, Defendant cannot effectively or fairly take Plaintiff's deposition. And as a result of this, Defendant cannot effectively or fairly retain an expert to evaluate Plaintiff's claims in this case.

Defendant has acted diligently at all times in this action. The Scheduling Conference was held on April 9, 2008, and the Court's Case Management Scheduling Order came out that same day. Defendant served its discovery on Defendant on April 22, 2008, making Plaintiff's responses due on May 22, 2008. Plaintiff failed to respond to or object to the discovery. After trying to work with Plaintiff's counsel, albeit unsuccessfully, Defendant's motion to compel was filed on July 7, 2008.

The Court then scheduled the hearing on the motion to compel for Thursday, August 28, 2008, which is only four (4) days before the existing October 1, 2008 deadline for Defendant to disclose its experts.

Defendant proposes the following amended schedule.

Today, this Court ordered that Plaintiff produce the documents, without objections, by September 15, 2008.

If Plaintiff is able to fully and timely comply with the Court's order compelling discovery, Defendant suggests that it be given three (3) weeks thereafter to arrange for the responsive documents to be translated, which would be Monday, October 6, 2008, and fourteen (14) days thereafter within which to take Plaintiff's deposition, which would be Monday, October 20, 2008. Defendant suggests that it then be given three (3) weeks after that -- by Monday, November 10, 2008 -- within which to retain and disclose expert witnesses.[1]

Finally, Defendant suggests that it make its experts available to be deposed by Plaintiff within two (2) weeks after that, or by Monday, November 24, 2008. Defendant also proposes that November 24, 2008 be the deadline by which it must take the depositions of any fact witnesses discovered during Plaintiff's deposition.

The dispositive motion hearing date will be December 18, 2008.

In the event Plaintiff fails to comply with the Court's Order compelling production by September 15, 2008, defendant shall bring a motion to dismiss the case for failure to engage in discovery. Defendant would be able to file a motion to dismiss the case for failure to comply with the Court's discovery order within two (2) days after any failure to meet any deadlines imposed by the Court.

DOOLEY ROBERTS & FOWLER LLP

---

[1] Plaintiff did not disclose any expert witnesses by his deadline of August 1, 2008, so it would not appear necessary to extend the October 1, 2008 deadline for Plaintiff to disclose rebuttal experts, or the existing October 15, 2008 deadline for Defendant to disclose its rebuttal experts.

Date: July 28, 2008          By:          /s/
                                  TIM ROBERTS, ESQ.
                                  Attorneys for Defendant Kan Pacific Saipan,
                                  Ltd. dba Mariana Resort and Spa


Date: July 28, 2008          By:          [signature]
                                  RICHARD PIERCE, ESQ.
                                  Attorneys for Defendant Kan Pacific Saipan,
                                  Ltd. dba Mariana Resort and Spa